**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  08-cv-01340-REB-KMT

HOMEWATCH INTERNATIONAL, INC., a Colorado corporation,

    Plaintiff,

v.

SAMUEL DRAPER,

    Defendant.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
AND PERMANENT INJUNCTION**

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion for Final Default Judgment** [#11][1] filed November 5, 2008.  Having considered the motion and the file, and being advised in the premises, I find and conclude that the motion should be granted and that judgment entered in favor of plaintiff against the defendant.

### I.  JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental).

### II.  ANALYSIS

Based on the relevant record, considered as a whole, I enter the following findings of fact and conclusions of law.

---

[1] "[#11]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

1. The complaint [#1] in this matter was filed on June 25, 2008. A return of service [#5] reflecting valid service on the defendant was filed August 1, 2008.

2. The defendant has not filed an answer or in any other way responded to this lawsuit. The Clerk of the Court entered default [#9] against the defendant on September 10, 2008.

3. In its complaint, the plaintiff seeks permanent injunctive relief against the defendant to remedy: (a) the defendant's breach of his franchise agreement with the plaintiff; (b) the defendant's misappropriation of the plaintiff's trade secrets; (c) defendants acts of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); and (d) the defendant's violations of the trademark Act of 1946, 15 U.S.C. § 114(1).

4. On entry of default against the defendant, the well-pleaded allegations in the complaint are deemed admitted.  **See Olcott v. Delaware Flood Co.**  327 F.3d 1115, 1125 (10th Cir. 2003); **Lundahl v. Zimmer**, 296 F.3d 936, 939 (10th Cir. 2002).

5. Having reviewed the record in this case, I find and conclude that the plaintiff is entitled to the entry of default judgment against the defendant granting the permanent injunctive relief sought by the plaintiff in the complaint [#1].

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Final Default Judgment** [#11] filed November 5, 2008, is **GRANTED**;

2. That under FED. R. CIV. P. 55(b), **JUDGMENT SHALL ENTER** in favor of the plaintiff, Homewatch International, Inc., a Colorado Corporation, against the defendant, L. Samuel Draper;

3. That defendant L. Samuel Draper is **PERMANENTLY ENJOINED** and **ORDERED** to

a. Immediately cease to identify himself, the location of 2804 Whetstone Circle, Sioux Falls, SD 57103, or any part or portion of L. Samuel Draper's business as being, or having been, associated with Homewatch, and immediately cease using any proprietary Mark of Homewatch (or colorable imitation thereof) for any purpose;

b. Immediately deliver to Homewatch all signs, sign-faces, catalogs, advertising materials, forms and other materials bearing any of Homewatch's Marks or otherwise identified with Homewatch that are in the possession or control of L. Samuel Draper;

c. Immediately deliver to Homewatch the HOMEWATCH Operations Manuals and all other information proprietary to Homewatch that is in the possession or control of L. Samuel Draper;

d. Promptly take such action as may be required to cancel all fictitious or assumed names or equivalent registrations relating to L. Samuel Draper's use of any Mark, as the term "Mark" is defined in the franchise agreement between the plaintiff and the defendant, *Complaint* [#1], Exhibit A;

e. Promptly notify the telephone company and all telephone directory publishers of the termination of the defendant's right to use any telephone number and any regular, yellow page or other telephone directory listing associated with the Marks, as the term "Mark" or "Marks" is defined in the franchise agreement between the plaintiff and the

3

defendant, *Complaint* [#1], Exhibit A;

 f. Take such action as may be required to remove from the Internet all sites referring to the defendant's former HOMEWATCH CAREGIVERS Business or any of the Marks and to assign to Homewatch all rights to any domain names for any sites on the Internet that refer to defendant's former HOMEWATCH CAREGIVERS Business or any of the Marks;

 g. Abide by all restrictive covenants set forth in Article 10 of the franchise agreement between the plaintiff and the defendant, *Complaint* [#1], Exhibit A; and

 h. Cease revealing, disclosing or utilizing in any way Homewatch's Licensed Methods, trade secrets and proprietary and confidential information;

4. That these orders **SHALL APPLY** to the defendant and to the defendant's representatives, agents, servants, employees, independent contractors, consultants, attorneys-in-fact, attorneys-in-law, and any and all persons in active concert or participation with the defendant, jointly or severally, who receive actual notice of this Preliminary Injunction by personal service or otherwise;

5. That the defendant **SHALL PAY** to Homewatch its reasonable attorney fees incurred in this action;

6. That Homewatch shall have until **October 9, 2009**, to file with the court a motion for an award of its reasonable attorney fees;

7. That plaintiff is **AWARDED** its costs to be taxed by the Clerk of the Court under F<small>ED</small>. R. C<small>IV</small>. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

5

Dated September 22, 2009, at Denver, Colorado.

                                                        **BY THE COURT:**

                                                */s/ Robert E. Blackburn*
                                                Robert E. Blackburn
                                                United States District Judge