**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 08-cv-01340-REB-KMT

HOMEWATCH INTERNATIONAL, INC., a Colorado corporation,

      Plaintiff,

v.

SAMUEL DRAPER,

      Defendant.

---

## ORDER GRANTING MOTION FOR ATTORNEY FEES

---

**Blackburn, J.**

      This matter is before me on the plaintiff's **Motion for Attorneys' fees** [#19][1] filed October 8, 2009. The motion was filed after I entered an order [#14], filed September 22, 2009, granting the plaintiff's motion for default judgment. I grant the motion.

      This case concerned a franchise agreement between the plaintiff and the defendant. Section 13.11 of the agreement provides for recovery of attorney fees and costs incurred in any legal action which results from a party's default under the terms of the agreement. *Complaint* [#1], Exhibit A, section 13.11. This case concerned the defendant's default under the terms of the agreement. In its present motion, the plaintiff seeks an award of attorney fees, but does not seek an award of costs. I conclude that the plaintiff is entitled to an award of reasonable attorney fees under section 13.11 of the agreement.

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Any determination of reasonable attorney fees starts with calculation of the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The United States Court of Appeals for the Tenth Circuit has recognized the lodestar amount as a presumptively reasonable fee. ***Homeward Bound, Inc. v. Hissom Memorial Ctr.***, 963 F.2d 1352, 1355 (10th Cir. 1992). In determining whether counsel spent a reasonable number of hours on a matter, I must consider several factors, including: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to specific task. ***See Ramos v. Lamm***, 713 F.2d 546, 553-54 (10th Cir.1983), rev'd in part on other grounds, ***Pennsylvania v. Delaware Valley Citizens' Council for Clean Air***, 483 U.S. 711 (1987). The Tenth Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." ***Case v. Unified School Dist. No. 233, Johnson County, Kan.***, 157 F.3d 1243, 1256 (10th Cir. 1998). A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience. ***Blum v. Stenson***, 465 U.S. 886, 895 (1984); ***Gudenkauf***, 158 F.3d at 1082; ***Metz,*** 39 F.3d at 1493.

Based on my review of the plaintiff's motion [#19] and the exhibits included with that motion, I find and conclude that the hourly rates claimed by the plaintiff are

reasonable, and the hours expended also are reasonable. Based on this information, I find and conclude that the plaintiff is entitled to an award of 9,665.50 in reasonable attorney fees under section 13.11 of the agreement.

**THEREFORE, IT IS ORDERED** as follows:

1. That the plaintiff's **Motion for Attorneys' fees** [#19] filed October 8, 2009, is **GRANTED**;

2. That the plaintiff, Homewatch International, Inc., a Colorado corporation, is **AWARDED** 9,665.50 dollars in reasonable attorney fees; and

3. That the defendant, Samuel Draper, **SHALL PAY** that amount to the plaintiff within sixty (60) days of the date of this order.

Dated September 13, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge